WIGGINS, Justice
(dissenting).
The record clearly establishes the Client Security Commission paid $431.06 to Vicki Ryan’s client JoLynn Huffman; which is the amount Ryan’s documents stated remained in her trust account after she worked on Ms. Huffman’s matter. The commission only pays “claims resulting from the dishonest conduct of a member of the bar of this state acting either as an attorney or fiduciary.” Iowa Ct. R. 39.9(1). The rules define “dishonest conduct” as “wrongful acts committed by a lawyer against a person in the manner of defalcation or embezzlement of money, or the wrongful taking or conversion of mon *34 ey, property or other things of value.” Id. r. 40.1.
Evidence of the payment by the commission is not admissible in a disciplinary proceeding. Id. r. 39.9(8). However, the commission admitted the evidence of the payment without objection. When the commission admits evidence without objection, the commission can use the evidence to establish a material fact. See IBP, Inc. v. Burress, 779 N.W.2d 210, 220 (Iowa 2010) (holding evidence admitted into the record without objection may be used to establish any material fact); Holmquist v. Volkswagen of Am., Inc., 261 N.W.2d 516, 523 (Iowa Ct.App.1977) (same). Thus, the record establishes by a convincing preponderance of the evidence Ryan converted Ms. Huffman’s money and did not have a colorable future claim to this money.
The majority claims the Board did not give Ryan sufficient notice her license could be revoked. I disagree. The complaint raised trust account violations and asked the commission to “recommend that the Supreme Court of Iowa take the necessary and appropriate disciplinary action.” The Code gives attorneys notice that we can revoke or suspend the license of an attorney for “[d]oing any other act to which such a consequence is by law attached.” Iowa Code § 602.10122(4) (2013). The consequence of converting client funds is revocation of the attorney’s license regardless of the amount of funds the attorney converts. Iowa Supreme Ct. Att’y Disciplinary Bd. v. Thomas, 844 N.W.2d 111, 117 (Iowa 2014).
The United States Supreme Court has stated procedural due process in an attorney disciplinary case only requires the attorney to have .knowledge of the charge before the proceedings commence. In re Buffalo, 390 U.S. 544, 551, 88 S.Ct. 1222, 1226, 20 L.Ed.2d 117, 122 (1968). Here, the Board gave Ryan notice of the trust account violations and the Code gave her notice of the penalties associated with her alleged violations prior to the commencement of the proceedings. Consequently, I would revoke Ryan’s license to practice law.
It appears to me the majority is resorting to unnecessary procedural technicalities to protect attorneys from receiving the appropriate discipline. Would the majority reach the same result in a criminal case when the trial information gave notice of the charges and defendant’s only notice of the punishment was in the Code? I think not.
In the future, I urge the Board to put in every complaint in which the Board alleges a trust account violation that if the court finds the trust account violation amounts to conversion, the court can revoke the attorney’s license. I would also urge the Board to put in the complaint that if the evidence establishes funds are missing from an attorney’s trust account, the burden shifts to the attorney to come forward with evidence to establish a colorable future claim to those funds to avoid revocation of the attorney’s license. See Iowa Supreme Ct. Att’y Disciplinary Bd. v. Carter, 847 N.W.2d 228, 232-33 (Iowa 2014) (“[A]n attorney in a disciplinary proceeding bears the burden of coming forward with evidence of a colorable future claim, but the burden to prove conversion remains with the Board.”).